No. 2843.—SERAPHIN BROU et al. *v.* Widow P. P. BECNEL.

The plea of *res judicata* can not be invoked against a demand that has never been judicially passed upon.

The action to enforce the payment of a debt against a third party who has assumed its payment in a notarial act, is not barred by the prescription of one or three years.

APPEAL from the Fourth District Court, parish of St. Charles. *Beauvais,* J. *St. M. Berault,* for plaintiff and appellee. *R. King Cutler,* for defendant and appellant.

WYLY, J. In 1858 Mrs. Becnel and her daughter, Miss Euphemie Becnel, purchased jointly from Harp & Armitage a plantation and slaves, assuming, as part of the price, the payment of certain mortgage notes executed by their vendors to the plaintiff, Mrs. Brou. The defendant was sued by the plaintiffs on her assumption of these notes. in the act of 1858, and the litigation finally terminated in the decision of this court of fourteenth of March, 1870. It having been held by this court that her assumption of 1858, was not a solidary obligation, but a joint one with her daughter Miss Euphemie Becnel, judgment was rendered against her for only half the amount of the valid part of the debt, a part of the debt being held invalid because it was for the price of slaves.

The judgment heretofore rendered against Mrs. Becnel was to enforce her obligation resulting from the act of 1858. The obligation of Miss Euphemie Becnel resulting from her assumption in the said act of 1858, was not determined in the previous litigation between the plaintiffs and the defendant. The defendant is now sued on the obligation she has incurred in a notarial act of 1866, in which she assumed the obligation of Miss Euphemie Becnel in favor of the plaintiffs, and by which act she acquired the entire ownership of the property she bought jointly with her daughter in the act of 1858.

In bar of recovery the defendant sets up the exception that the plaintiffs have no cause of action, also the plea of *res judicata,* and the prescription of one, three, five and ten years.

The court gave judgment for the plaintiffs, and the defendant has appealed.

We think the petition of the plaintiffs shows a good cause of action, and that the plea of *res judicata* can not avail the defendant. The cause of action is the obligation assumed by the defendant in the notarial act of 1866, in which she bought her daughter's half of the land and assumed to pay the debt owed by her to the plaintiffs. In the litigation heretofore between the plaintiffs and the defendants, the latter has only been adjudged to pay her own obligation assumed in the act of 1858, which was for half the amount of the valid part of the notes declared upon by the plaintiffs. They now seek to make her pay them the other half of the valid part of these notes due to them

by Miss Euphemie Becnel, because the defendant assumed to do so in the notarial act of 1866.

The obligation on which the plaintiffs are now proceeding, to wit, the assumption of Mrs. Becnel, in 1866, has never heretofore been adjudicated upon, and it is not discharged by either of the prescriptions pleaded. We see no error in the judgment of the court below, and it is therefore affirmed, with costs.